# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-30041 |
| ) | |
| BRUCE BEAMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on December 9, 2005, for the sentencing of Defendant Bruce Beams.  Defendant Beams appeared in person and by his attorney Jon Noll.  The Government appeared by Assistant U.S. Attorney Patricia McInerney.  On July 20, 2005, Defendant Beams pleaded guilty to the charge of Wire Fraud, in violation of 18 U.S.C. 1343, as alleged in Count 1 of the Indictment.  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated November 18, 2005.  The Government had no objections to the PSR.

Defendant Beams raised the following objections to the PSR:

1

Paragraphs 9, 29, 34, 47, 49, 50, and 51

Defendant Beams objected to factual assertions in each of these Paragraphs. The Court did not rule on these objections because the objections did not affect the calculation of the sentencing range under the Guidelines. Fed. R. Crim. P. 32(i)(3)(B). The Court noted for the record that the Defendant disputed the information in these Paragraphs for the reasons stated in his Commentary (d/e 11).

Paragraph 32

Defendant Beams also objected to the finding in Paragraph 32 that he should receive two criminal history points because he committed the offense of conviction while serving a term of supervised release. U.S.S.G. § 4A1.1(d). Beams was serving a term of supervised release until August 3, 2001. PSR ¶ 28. The Government announced that the available evidence showed that the Defendant began committing the offense of conviction later in August 2001. The Government therefore had no opposition to the objection. The Court allowed the objection and held that Defendant Beams should not receive the two criminal history points.

The Defendant had no other objections to the PSR. The Court therefore adopted the remainder of the findings of the PSR as its own.

Accordingly, the Court found that Defendant Beams had an offense level of 8, and was in criminal history category III. The resulting Guideline sentencing range was 6 to 12 months, in Zone B of the Guideline Range. The Court noted that the Guidelines are advisory, and the Court must exercise its discretion to determine Defendant Beams' sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Beams, the Court sentenced Defendant Beams to a term of 8 months imprisonment; to be followed by 3 years of supervised release, with the first two months of such supervised release to be served in home confinement; ordered him to pay restitution in the sum of $20, 815.00; and imposed a $100.00 special assessment. The special assessment was ordered to be due immediately. The Court waived the accrual on interest on the unpaid restitution. The Court ordered Defendant Beams to pay the restitution for the benefit of the victim Sean Watts. The Court also ordered Defendant Beams to pay restitution as

follows: (1) during his term of imprisonment, Defendant Beams shall pay quarterly installments of (a) $25.00 if he is not employed in a UNICOR position, or (b) 50 percent of his income if he is employed in a UNICOR position; and (2) upon his release from prison, Defendant Beams shall pay, in monthly installments, a sum equal to the greater of: (a) 33 percent of his monthly disposable income, or (b) $250.00; provided, however, that should Defendant Beams receive from any source, other than his own earnings, property or money with a value of $1,000.00 or more, he shall report this to the Probation Office and he shall pay the money or property so received toward satisfying the restitution. Should Defendant Beams fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid restitution shall be immediately due and payable. No fine is imposed.

The Court granted the Government's oral motion to dismiss Count 2 of the Indictment. The Court also allowed Defendant Beam's oral motion to recommend to the Federal Bureau of Prisons that he be placed in a facility as close to Springfield, Illinois, as possible. The Court then informed Defendant Beams of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: December 13, 2005.

FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                     UNITED STATES DISTRICT JUDGE